UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
(WESTERN DIVISION)

**FILED**

DEC 31 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK



JURDEN ROGERS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CASE No. _____

(Federal Tort Claim Act - FTCA.)

## COMPLAINT FOR DAMAGES

(Negligence, Intentional and Negligent Infliction
of Emotional Distress, Violation of Special Duty Doctrine)

## I. Jurisdiction And Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1346, and the Federal Tort Claims Act ("FTCA").

2. The plaintiff has complied with all prerequisites to a suit under the Federal Tort Claim Act in that: (a) on April 29, 2024, the plaintiff timely submitted an administrative claim on Form SF-95, Claim for Damage, Injury, or Death, for the matters in dispute in this action in the amount of $3,500.00 with the United States Department of Justice, Federal Bureau of Prisons' Mid-Atlantic Regional Office. See Exhibit "A"; (b) defendant, by and through its agency, the Federal Bureau of Prisons, denied plaintiffs' administrative claim and on or about July 9, 2024,

mailed its notice of denial to plaintiff;[1] (c) this action was timely commenced following the denial of the administrative claim.

## II. PARTIES

3. Plaintiff is currently a resident of Virginia, being housed at USP-Lee. The injuries described herein occurred while he was incarcerated at the United States Federal Medical Center, located in Butner, North Carolina. ("FMC-Butner").

4. Defendant United States of America is sued under the Federal Tort Claim Act for (gross) negligence, intentional and negligent infliction of Emotional distress, and violations of Special Duty by a law enforcement officer of the U.S. Department of Justice, Federal Bureau of Prisons.

5. Defendant B. McClure and Defendant McNeil were, at all times relevant, employees of the United States Bureau of Prisons, Department of Justice, an agency of the United States of America. Defendants are being sued in their official capacities.

## III. FACTS

6. On June 16, 2022 at approxiamently 6:30 AM, plaintiff Jurden Rogers, an inmate then housed on the third floor of the surgery Rehab unit at FMC-Butner, exited his cell (cell #3315), entered the commons area, then slipped and fell onto the floor. The

[1] A copy of the notice of denial cannot, at this time, be accessed by the plaintiff due to the institutional lockdown that has been implicated throughout the past month.

plaintiff immediately yelled in pain and, at that point, noted for the first time that the corridors hall floor was wet. Immediately after falling, Plaintiff glanced up and noticed defendant D. McNeil, along with inmate Devon Dowlen, standing in the hall, observing me. The Defendant McNeil pulled me into a nearby chair. At the time of plaintiffs' fall, the hallway had just been mopped, but no wet floor caution sign was visible. Defendant McNeil was the supervising officer on the unit in charge of inmate activity.

7. Defendant D. McNeil advised plaintiff to go to medical to get an evaluation to see if "more damage occurred on your knee".[2] McNeil further stated that he would "let medical know [I] observed your fall". However, Defendant D. McNeil did not file a report concerning the incident. Further, defendant neglected to act within the scope of his duty to reduce, prevent, or mitigate a known safety hazard in that he failed to ensure that a yellow floor sign was placed in the hallway corridor to warn of a potential hazard risk. Nor did McNeil issue a verbal warning prior to incident.

8. Further, after witnessing the incident and seeing the Plaintiff was in distress and pain, Defendant McNeil failed to activate an emergency code for medical assistance, although Plaintiff advised defendant that plaintiff was in dire pain and

---

[2] Plaintiff had previously undergone surgery of his right knee from a torn ACL/PCL, necessitating reconstruction on March 3, 2022. Plaintiffs' subsequent location to FMC-Butner was due to a follow-up visit from the prior surgery.

needed a wheelchair escort for medical assessment. Defendant McNeil advised plaintiff to <u>walk</u> down to medical on his own. Plaintiff eventually limped to medical on a swollen leg that Defendant knew to be swollen.

9. Shortly after the incident, at approxiamently 11:40 AM, plaintiff was medically assessed by Defendant B. McClure. Plaintiff advised Defendant McClure of the slip and fall and requested that plaintiff be provided a wheelchair because plaintiff's leg was swollen and he needed a wheelchair to "take the weight off" Plaintiffs' knee. Defendant McClure, however, refused to provide a wheelchair, stating simply that Plaintiffs' slip and fall was not witnessed. (Apparently due to Defendant McNeil not calling a medical emergency code or filing a incident report).

10. As a direct result of the acts and/or omissions of Defendant D. McNeil described in paragraphs 6, 7, and 8 above, the Plaintiff suffered extreme pain and suffering and substantial injuries, including: 1) distal neurovascular dysfunction (caused by post-traumatic lateral compartmentalized arthrosis of the Right Knee); 2) patellofemoral chondromalicia, signified by continuous pains and grating in the anterior part (particularly in flexon). <u>See</u> Bureau of Prisons Health Services Clinical Evaulation Reports, at Exhibit B.[3]

---

[3] Medical reports attached hereto reveal that plaintiffs' injuries are result of "stress-induced upon the anterior crucinte ligament (ACL) and PCL" during his rehab from the initial surgery, ultimately requiring additional surgery.

11. Further, as a direct result of the acts/omissions of NP-Defendant B. McClure, described in paragraph 9 above, plaintiff suffered undue pain and mental and emotional anguish on account of having to stand (or bear weight) on his injured knee.

## IV. Common-Law Claims Against United States (FTCA)

12. The actions of Defendant D. McNeil set forth in paragraphs 6-8, and paragraph 10 above, constitutes negligence in violation of North Carolina common law. The officer breached a legal duty owed to plaintiff to protect and care and/or act in a manner to prevent serious harm or injury to plaintiff. Officer Defendant McNeil breached this duty when he (1) failed to ensure that a marked hazardous conditions/wet-floor-surface sign was properly posed or otherwise document the matter; (2) failed to issue a verbal warning to plaintiff when plaintiff exited his room; (3) failed to activate the available emergency distress alarm or file a formal incident report — thereby causing or showing an utter disregard of prudence, amounting to complete neglect of the safety of another. This breach of duty constituted negligence in violation of North Carolina common law and was the direct and proximate cause of plaintiffs' pain and injury. Under the FTCA the defendant United States of America is liable to plaintiff for the unlawful actions of Defendant Officer D. McNeil, as he was acting under the scope of his employment as an officer of the United States Department of Justice, Bureau of Prisons.

13. The actions of McClure set forth in paragraphs 9 and 11 constitute negligence in violation of North Carolina common law. The Defendant breached a duty of care and special duty doctrine to plaintiff, so as to prevent unwarranted pain and emotional distress and to prevent serious injury to plaintiff. Defendant McClure breached his duty when he refused to provide plaintiff a wheelchair once plaintiff complained of experiencing excruciating pain and difficulty with standing or walking after the slip and fall — and further discarding plaintiffs' complaint and injury as being "unwitnessed". This breach of duty constituted negligence and intentional or negligent infliction of emotional distress, in violation of North Carolina common law and was the direct and proximate cause of plaintiffs' ongoing pain and emotional turmoil after injury. Under the FTCA, defendant United States of America is liable to the plaintiff for the unlawful actions of Defendant McClure, as he was acting under the scope of his employment as an officer of the U.S. Department of Justice, Bureau of Prisons.

14. The actions of Defendant McClure, as set forth in the above paragraphs, 9 and 11, resulted in emotional distress in violation of North Carolina common law. Defendant caused undue infliction of distress and is liable to plaintiff for these actions.

Case 5:24-ct-03308-D-RJ    Document 1    Filed 12/31/24    Page 6 of 7

# V. PRAYER FOR RELIEF

A. On the claims stated in paragraphs 12-13, plaintiff asks the Court to enter judgment against defendant United States of America;

B. On the claims stated in paragraphs 12-13, plaintiff asks the Court to enter judgment against the United States of America liable to the plaintiff for compensatory damages in the sum to be determined at trial, but in no event less than $25,000.00;

C. On the claims stated in paragraph 14, plaintiff asks the Court to enter judgment against Defendant B. McClure;

D. For the injuries that plaintiff suffered as a result of the claims stated in paragraphs 12-13 and 14, plaintiff asks the Court to hold defendant United States of America, D. McNeil and B. McClure, jointly and severally liable for compensatory damages and costs of this action;

E. For the claims stated in paragraph 14, the plaintiff asks the Court to hold defendant B. McClure further liable for punitive damages in amount of $10,000.00.

## VI. Jury Demand

Plaintiff demands a jury trial against Defendants.

Dated: December 20, 2024

Respectfully submitted,

/s/ Jurden Rogers

JURDEN ROGERS # 70054-018